(103 App. Div. 361.)

## REIDY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

MUNICIPAL CORPORATIONS—FIRE DEPARTMENT—DEPARTMENT INSURANCE.

> Rev. New York Charter, § 792 (Laws 1901, p. 334, c. 466), provides that all persons who have paid into certain respective funds, and shall continue to pay into the life insurance fund, shall receive the benefit thereof, and, in case of the death of any employé in service of said department who has availed himself of this provision, etc., there shall be paid to the widow the sum of $1,000. Greater New York Charter, § 1543, p. 636, declares that, when a position is abolished, the person legally filling the position thus abolished shall be deemed suspended without pay, and shall be entitled to reinstatement in the same or corresponding employment if within one year thereafter there is need for his services. *Held*, that where plaintiff's husband had been employed in the fire department, as clerk in the bureau of the chief, but his position was abolished, and he was not reinstated prior to his death, plaintiff was not entitled to benefits from the life insurance fund, though her husband was otherwise entitled to the benefit of such fund.

Action by Mary E. Reidy against the city of New York. Case submitted on agreed statement of facts. Judgment for defendant.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry K. Davis, for plaintiff.
Terence Farley, for defendant.

LAUGHLIN, J. The question submitted for determination is whether the plaintiff, the widow of Michael Reidy, deceased, is entitled to receive the sum of $1,000 from the life insurance fund of the New York fire department. The decedent entered the employ of the fire department as a watchman on the 16th day of January, 1884, and remained continuously in the employ of that department, having received several promotions, until the 7th day of May, 1902, when the

position of clerk in the bureau of the chief of said department, which he then held, was abolished, and he was, in form, for that reason, discharged by an order of the commissioner on the 14th day of May, 1902. He died on the 28th day of the same month, without having been reinstated. From the time of entering the department he availed himself of the privilege of membership in the life insurance fund, as provided by section 521 of chapter 410, page 147, of the Laws of 1882; and there was deducted from his monthly pay, from time to time, as required, sums of money for the benefit of said life insurance fund. The only obstacle to the plaintiff's recovery is the abolition of the position, and the fact that the decedent was not reinstated in the department prior to his death. The statute formerly regulating the right of recovery was section 521 of the consolidation act; and at the time of the decedent's death it was section 792 of the revised charter (chapter 466, p. 334, Laws 1901), which provides, among other things, that:

"All persons who have paid into the said respective funds, and who shall continue to pay into the life insurance fund, shall receive the benefit of said fund as provided in this chapter. * * * In case of the death * * * of any employee of said department in the service thereof, who has availed himself of this provision * * * and was contributing there shall be paid to the widow, * * * the sum of $1,000."

The language of the statute seems to require, as a condition of the right of recovery, that the employé shall be in the service of the department at the time of his death. The learned counsel for the plaintiff contends that the decedent was in the employ of the department by virtue of the provisions of section 1543 of the Greater New York charter, which provides, among other things, that when a position is abolished or becomes unnecessary—

"The person or persons legally holding the office or filling the position or employment thus abolished or made unnecessary shall be deemed to be suspended without pay, and shall be entitled to reinstatement in the same office, position or employment or in any corresponding or similar office, position or employment, if within one year thereafter there is need for his or their service."

Where a position or employment is abolished or becomes unnecessary, the provisions of this section do not authorize the discharge of the occupant, but it is the duty of the head of the department to certify the facts to the civil service board, and the suspended employé is entitled not only to reinstatement to a position in the department as before, but to a corresponding or similar office or position in that or any other department of the city government, if within one year thereafter there is need for his services. See Matter of Jones v. Willcox, 80 App. Div. 167, 80 N. Y. Supp. 420; Matter of Donovan v. Cantor, 89 App. Div. 50, 85 N. Y. Supp. 406. It seems like a harsh rule in this case, but we are of opinion that the decedent was not in the service of the fire department at the time of his death, and that therefore his widow is not entitled to participate in the insurance fund.

It follows that the city is entitled to judgment in accordance with the submission, dismissing the complaint upon the merits, but without costs. All concur.